IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY MILES,<br><br>    **Plaintiff,**<br><br>v.<br><br>DAVID W. MITCHELL, PEARCY MYERS, S. BROWN, C. HALE, ADEWALE KUFORIJI, and ROB JEFFREYS,<br><br>    **Defendants.** | Case No. 23-cv-3568-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville").[1]

---

[1] This Complaint is one of 13 that the Court recently received and filed over the course of two days. For ease of comprehension as the Court manages these cases, and any potential future cases, it will assign the cases basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Miles makes the following allegations: From December 14, 2021, until January 5, 2022, Miles was in the Pinckneyville healthcare unit for a blocked artery in his left leg (Doc. 1, p. 6). On January 5, 2022, Miles requested a lower deck and lower bunk permit, but Dr. Myers refused his request (*Id.*). Every time Miles sought to raise the issue of the need for a lower deck and lower punk permit, Dr. Myers would reply "one thing at a time" (*Id.*). Dr. Myers further informed Miles that only inmates with seizures received the requested permit (*Id.*). Dr. Myers discharged Miles from the healthcare unit with his left leg still swollen and sore.

Miles also alleges, as he does in all of his recently filed cases, that IDOC has mandated tactical training for all staff members (Doc. 1, p. 6). Miles contends that IDOC's training has been weaponized against Miles and that he will be met with aggression (*Id.*). Unfortunately, he fails to further explain how the tactical training has been used against him or how the allegations relate to his claims regarding his medical care.

## Discussion

At this stage, Miles states a viable Eighth Amendment claim against Dr. Myers for failing to provide him with medical permits or proper care for his clogged artery. He fails, however, to state a claim against the warden, director, or any of the grievance officials. These officials cannot be held liable simply as high-ranking officials who oversee employees because supervisory liability does not apply to actions under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Nor can those individuals who simply responded to grievances be liable for Miles's medical claims. Thus, David W. Mitchell, S. Brown, C. Hale, Adewale Kuforiji, and Rob Jeffreys are **DISMISSED without prejudice**.

Simultaneously with his current pleading, Miles filed several other cases about various aspects of his incarceration at Pinckneyville. He raises claims regarding damage to his property (*Miles* 1), medical care he received (*Miles* 2, *Miles* 7, *Miles* 8, *Miles* 10, and *Miles* 11), and access to property and other items (*Miles* 3, *Miles* 4, *Miles* 5, *Miles* 6, *Miles* 9, *Miles* 12, and *Miles* 13). In addition to his individual allegations, each Complaint also includes allegations regarding a mandate by IDOC and Pinckneyville requiring staff to obtain tactical training. Miles also alleges that grievance officials have edited his grievances. He fails, however, to allege that these actions violated his constitutional rights or caused him any harm. Although he alleges that staff can use tactical training against him and he will be "met with aggression," there are no allegations to suggest that any defendant has used excessive force against him. Nor has he indicated how any defendant edited his grievance or how those "edits" violated his rights. The mere mishandling or

denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Further, these potential claims appear to be unrelated to the claims in his current lawsuit. To the extent he believes his rights have been violated by the implementation of tactical training or issues with his grievances, he would have to file a new case about these distinct allegations. Miles also would be subject to an additional filing fee and possible "strike" should the claims be deemed frivolous or fail to state a claim. *See* 28 U.S.C. § 1915(g).

Thus, based on the allegations in the Complaint, the Court designates that following count, which survives review pursuant to Section 1915A:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Pearcy Myers for failing to provide Miles with a lower bunk, lower deck permit and for failing to properly treat his clogged artery.**

## Pending Motions

As to his motion for counsel (Doc. 2), Miles indicates that he has some education but does not specify why he believes counsel is necessary in this case. He states that he does not speak, write, or read English very well, but he fails to indicate the level of his language or writing abilities. Nonetheless, his filings have been easy to read and understand.

Miles also does not indicate whether he tried to obtain counsel on his own. Under the portion of the form motion directing Miles to declare whether he has contacted any attorneys for representation he simply wrote "N/A". (*Id.* at p. 1). Thus, it is not clear whether Miles has made any attempt to contact counsel or if he has been prevented from doing so by staff. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (The two-fold inquiry asks (1) has the indigent plaintiff made a reasonable effort to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.). Miles's motion for counsel is, therefore, **DENIED**. Should Miles choose to move for recruitment of counsel in the future, the Court **DIRECTS** him to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Miles should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in this case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Pearcy Myers. All other defendants and claims are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Pearcy Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Miles. If defendant fails to sign and return the Waiver of Service of

5

Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Miles, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Miles, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Miles is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  November 17, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**