**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BILLY MILES, | |
| **Plaintiff,** | |
| v. | **Case No. 23-cv-3568-NJR** |
| PEARCY MYERS, | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville").[1] Miles was allowed to proceed on a single count in his Complaint (Doc. 1), an Eighth Amendment deliberate indifference claim against Dr. Myers for failing to provide Miles with a lower bunk and lower deck permit and for

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

failing to properly treat a clogged artery in his leg (Doc. 10). This matter is now before the Court on the Amended Complaint (Doc. 16).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). Miles's Amended Complaint was filed prior to Dr. Myers filing his Answer in this case. Although Miles is allowed to amend his pleading once as a matter of course, his Amended Complaint is still subject to review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

There are a number of issues with the Amended Complaint (Doc. 16). First, it fails to comply with SDIL Local Rule 15.1, which requires that all new material in the pleading be underlined. This makes it very difficult to determine the new allegations and claims that Miles seeks to add to his original pleading. Although it appears that Miles is trying to add additional facts regarding his requests for permits and care for his clogged artery, he also seeks to add claims regarding his complaints of chest and neck pain (Doc. 16, p. 18). These allegations are already the subject of another case currently pending before

2

the Court. See *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"). In that case,

Miles alleges that Dr. Myers ignored his complaints of chest and neck pain. Miles also

recently filed an Amended Complaint in *Miles* 11 which also sought to add claims

regarding his requests for permits. The allegations regarding his chest pain in his current

case are duplicative of the claims in *Miles* 11. Miles cannot pursue the same claim against

the same parties in parallel suits. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888

(7th Cir. 2012). Thus, to the extent Miles wishes to pursue claims regarding his chest and

neck pain, he should pursue the claim in *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR

("*Miles* 11"). He cannot pursue identical claims in this case.

Miles also cites numerous statutes, stating that he qualifies as a disabled individual

under the ADA and RA. He also cites to RFRA and RLUIPA. But Miles fails to offer any

allegations to suggest a violation of any of these statutes.

To the extent Miles seeks to add defendants to this case, he fails to state a claim

against these individuals. He identifies the State of Illinois and Pinckneyville Correctional

Center as defendants but neither can be liable because neither entity is a "person" within

the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989)

("neither a State nor its officials acting in their official capacities are 'persons' under

[Section] 1983"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state

"Department of Corrections is immune from suit by virtue of Eleventh Amendment").

He also identifies grievance officials, who he alleges failed to remedy the situation, but

these officials cannot be liable for simply responding to or denying his grievances. *Owens*

*v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a

prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). He identifies Perry County as a defendant but fails to include any allegations involving the county. It appears he merely lists the county as the location of the prison. Miles also identifies a number of unknown individuals. Specifically, he alleges that Wexford Healthcare nurses from the first and second shifts at Pinckneyville failed to provide him with care. These claims are too generic to survive threshold review. Further, Miles fails to allege how any of these potential defendants acted with deliberate indifference to his need for permits and medical care. Thus, to the extent that Miles seeks to amend his Complaint with claims against additional defendants, he also fails to state a claim.

CONCLUSION

For the reasons stated above, Miles's Amended Complaint is **STRICKEN** because the pleading fails to survive review pursuant to Section 1915A. To the extent Miles seeks to amend his Complaint in the future, he should consider the procedures set forth in this Order.

**IT IS SO ORDERED.**

**DATED:  March 25, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

4